**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EVERY PENNY COUNTS, INC.,

      Plaintiff,

v.                                  CASE NO: 8:07-cv-1255-T26MAP

AMERICAN EXPRESS COMPANY,
MASTERCARD, INC., VISA U.S.A., INC.,
and GREEN DOT CORPORATION,

      Defendants.

_____/

**O R D E R**

Upon due consideration of Visa U.S.A. Inc.'s Motion to Dismiss or, in the

alternative, for a More Definite Statement (Dkt. 24) and Plaintiff's Response (Dkt. 42),

the Court concludes that the motion should be denied.  Plaintiff asserts and establishes

that it is seeking claims distinct from those sought in Every Penny Counts, Inc. v. Bank of

America Corp., et al., No. 2:07-cv-42-T-JES-SPC (the Rounder case).  Contrary to Visa's

contention, the Court finds that the allegations of the Amended Complaint (Dkt. 14) are

sufficient to place the Defendant Visa on notice that Plaintiff is seeking relief from Visa's

operation of the prepaid card program only.[1]  Moreover, the Amended Complaint

_____

[1]  See McZeal v. Sprint Nextel Corp., 2007 WL 2683705, at *2 (Fed. Cir. Sept.
14, 2007) (applying standard of  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965,
167 L.Ed. 929 (2007) to patent infringement case and stating that "patentee need only
plead facts sufficient to place the alleged infringer on notice as to what he must defend").

specifies that it is the Visa open prepaid card program that is the infringing product.

Accordingly, it is therefore **ordered and adjudged** that Visa U.S.A. Inc.'s Motion to

Dismiss or, in the alternative, for a More Definite Statement (Dkt. 24) is **DENIED.**

Defendant Visa U.S.A., Inc. shall file its answer no later than ten (10) days from the date

of this order.

  **DONE AND ORDERED** at Tampa, Florida, on October 29, 2007.


      __s/*Richard A. Lazzara*_____
      **RICHARD A. LAZZARA**
      **UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record