# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EVERY PENNY COUNTS, INC.,

    Plaintiff,

v.                                                    CASE NO: 8:07-cv-1255-T-26MAP

AMERICAN EXPRESS COMPANY,
MASTERCARD INTERNATIONAL INCORPORATED,
VISA U.S.A., INC., and
GREEN DOT CORPORATION,

    Defendants.
_____/

## SEALED ORDER

    Before the Court is Defendant Visa U.S.A., Inc.'s Motion to Compel Production of Allegedly Privileged Documents and for *In Camera* Review (Dkt. 94), the Declaration of Eugene Y. Mar in Support of the Motion (Dkt. 95), and Plaintiff's Response. (Dkt. 119). After conducting an *in camera* review of the two documents at issue,[1] and after careful consideration of the Motion, Response, and the file, the Court concludes that the Motion to Compel (Dkt. 94) should be denied.

---

[1] To the extent the Motion seeks an *in camera* review, the Motion is granted for that purpose.

**Exhibit 20**

Defendant Visa U.S.A., Inc. (Visa) seeks to compel the production of Exhibit 20, which is a chart analyzing the patent claims of Every Penny Counts, Inc. (EPC). The chart was jointly prepared by Dr. Bertram Burke, who is the president of EPC, and James Kerns, who assisted with patent claim drafting and marketing efforts beginning some time in 2005. Both Dr. Burke and Mr. Kerns are non-lawyers. The chart was created on November 8, 2005,[2] while EPC was working with attorneys Ropes & Gray LLP, according to EPC, "in anticipation of potential patent infringement litigation."[3] As such, EPC contends that the chart is protected by the work product doctrine, and asserted its position at the deposition of Mr. Kerns on April 10, 2008.[4] After the deposition, EPC's attorney reiterated its objection in the following e-mail:

> Exhibit 20 was created during EPC's engagement with Ropes & Gray LLP for the purpose of analyzing the claims of EPC's patents in light of potential infringing activity. Mr. Kerns was a consultant for EPC at the time this document was created and although he may not have had direct contact with EPC's attorneys, this does not change the fact that the document was created in anticipation of litigation by the client (EPC) for use by its attorneys.[5]

---

[2] A formalized consulting agreement was signed between EPC and Mr. Kerns on September 20, 2005. See docket 95, Exh. B.

[3] See docket 119 at p. 2.

[4] See docket 95, Exh. C— depo. of Kerns at p. 62.

[5] See docket 95, Exh. I.

The work product doctrine protects against the disclosure of documents that are prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3)(A). In the event discovery of these documents is ordered, the court must, nevertheless, prevent the disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B). The party asserting its protection bears the burden of establishing the application of the doctrine. See Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citing BarclaysAmerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984)). The three issues raised regarding Exhibit 20 concern whether the chart contains mental impressions, as opposed to facts, whether a document created by two non-lawyers can be protected by the work product doctrine, and whether the document was created in anticipation of litigation.

First, the doctrine may apply to non-lawyers affiliated with the party. See Shipes v. BIC Corp., 154 F.R.D. 301, 304-305 (M.D. Ga. 1994) (affirming language in Rule 26(b)(3) that non-lawyer may prepare document). Thus, the fact that two non-lawyers prepared Exhibit 20 is not necessarily an impediment to the application of the work product doctrine, provided Mr. Kerns may be considered a representative of EPC. Exhibit 20 was prepared on November 8, 2005, which was after Mr. Kerns and EPC

entered into a written consulting agreement.[6] According to the terms of the agreement Mr. Kerns would be privy to confidential information in his capacity as consultant, and he would provide consulting services as EPC dictated. Therefore, the Court finds that Mr. Kerns was a representative or agent of EPC for purposes of the work product doctrine.

Second, the language "anticipation of litigation" has been construed to mean "not necessarily imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." Lockheed Martin Corp. v. L-3 Commc'ns Corp., No. 6:05-cv-1580-Orl-31KRS, 2007 WL 2209250, at *8-9 (M.D. Fla. July 29, 2007) (quoting from United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981)). Other federal courts have followed suit, articulating that litigation need not be imminent, but rather a "real possibility" at the time the documents in question are prepared. See Evergreen Trading, LLC v. United States, 80 Fed. Cl. 122, 132 (Ct. Fed. Cl. 2007). At his deposition, Mr. Kerns testified that it was "conceivable" that EPC would sue a particular entity but he did not know whether EPC would actually sue.[7] Mr. Kerns then named Visa, and other entities, as one of the companies that might be sued.[8] The Court finds that this testimony could be read to mean that future litigation was certainly "possible," and possible specifically against Visa.

---

[6] See docket 95, Exh. B— consulting agreement dated September 20, 2005.

[7] See docket 95, Exh. C at p. 66.

[8] See docket 95, Exh. C. at p. 66.

Finally, a review of the chart reveals that it contains no facts, but rather, the ideas of Mr. Kerns and Dr. Burke with respect to the patents at issue. Moreover, taking Defendant's position as true, EPC anticipated litigation over the patents in question at the time the chart was created. Accordingly, Exhibit 20 is protected by the work product doctrine and shall not be compelled to be produced.

**Exhibit 30**

Visa contends that Exhibit 30, an e-mail dated September 7, 2005, from Dr. Burke to an EPC attorney and Mr. Kerns, is not covered by the attorney-client privilege. Visa raises (1) waiver of the privilege based on Dr. Burke sending the e-mail to Mr. Kerns, a third party, who at that time had not signed the consulting agreement, (2) that even if Mr. Kerns was a de facto consultant on September 7, 2005, he was an independent contractor who did not possess decision-making responsibility, was not in the chain of command for EPC's claim drafting projects, and was not personally responsible for the claim drafting project,[9] and (3) waiver of the privilege by Dr. Burke sending the e-mail without any non-disclosure agreement between EPC and Mr. Kerns. EPC maintains, however, that the e-mail sought "legal advice and services relating to claim drafting for various patent

---

[9] Visa relies on Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 489-90 (2000), in which the court answered the question of whether an independent contractor may be a representative of the client for purposes of applying the attorney-client privilege. The court recognized that "when, however, those third parties have an established working relationship with the corporate client that is similar to that of regular employees, they should be treated like regular employees." Id. at 490. The court adopted the Eighth Circuit's holding in In re Bieter Co., 16 F.3d 929 (8th Cir. 1994), upon which EPC now relies.

applications."[10] EPC is correct that Visa's challenges involve waiver and not whether the e-mail represents a confidential communication.

EPC contends that at the time the e-mail was sent, Mr. Kerns was acting as a de facto consultant. EPC asserts that even though the formal written consulting agreement was not signed until September 20, 2005, a written agreement was not necessary to establish an agency relationship between Mr. Kerns and EPC, citing Citibank, N.A. v. Data Lease Fin. Corp., 828 F.2d 686, 691 (11th Cir. 1987).[11] Mr. Kerns testified at his deposition that he and Dr. Burke met and discussed "working together and having me work for him" and "[c]oming on board and acting as a consultant" prior to his signing the consultant agreement.[12] The Eighth Circuit has recognized that the attorney-client privilege may be extended to include consultants of a corporation. See In re Bieter Co., 16 F.3d 929 (8th Cir. 1994). The relationship arises when an attorney needs to be able to confer confidentially with "nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely." Id. at 938. Based on the facts before this Court at this time, the Court finds for purposes of this motion that Mr. Kerns was a de facto consultant.

---

[10]   See docket 119 at p. 2.

[11]   The court held that "Data Lease need not point to an express agreement in order to establish that an agency relationship existed between Citibank and the third party defendants." Citibank, 828 F.2d at 691.

[12]   See docket 95, Exh. C at p. 136.

With respect to the three-prong test enunciated in <u>Energy Capital</u>, EPC correctly points out that the three factors are independent of each other and that the presence of one ground satisfies the attorney-client relationship. Mr. Kerns testified at his deposition that he essentially shared in the decision-making responsibility of writing and enumerating the claims.[13] This testimony satisfies both the first and third factors: decision-making responsibility and personal responsibility and involvement in the activity that might lead to corporate liability. Thus, the Court finds that the privilege extends to Mr. Kerns in this situation.

Finally, no authority has been cited to this Court that requires a party to include a confidentiality provision in each communication.[14] Having found that Mr. Kerns was an agent of EPC for purposes of the e-mail, the Court declines to find that the communication in the e-mail sent only to EPC's attorney and Mr. Kerns is not still privileged. No waiver of the privilege has occurred.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Motion to Compel Production of Allegedly Privileged Documents (Dkt. 94) is denied.

**DONE AND ORDERED** at Tampa, Florida, on May 15, 2008.

---

[13] <u>See</u> docket 95, Exh. C at pp. 138 & 139.

[14] This Court notes, however, that many law firms as a matter of course place boilerplate language in their e-mails asserting the confidentiality of the communications in the e-mail.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record