UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVERY PENNY COUNTS, INC.,

    Plaintiff,

v.                                      CASE NO: 8:07-cv-1255-T-26MAP

AMERICAN EXPRESS COMPANY,
MASTERCARD INTERNATIONAL INC.,
VISA U.S.A., INC., and
GREEN DOT CORPORATION,

    Defendants.
_____/

# O R D E R

Upon due consideration of the parties' written submissions, evidentiary presentations, and oral arguments, and for the reasons announced on the record at the *Markman*[1] hearing held in this case this day, the Court concludes that the terms "additional amount" found in claim 8 of the '191 patent, "amount of excess cash" found in claim 1 of the '370 patent, "excess cash payment" found in claim 1 of the '640 patent, "amount of excess cash" found in claim 1 of the '682 patent, "excess from amounts" found in claim 30 of the '682 patent and claim 20 of the '971 patent, and "any excess" found in claim 1 of the '971 patent, are construed and interpreted to mean "amount

---

[1] See Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).

selected by the payor/transactor beyond the total amount owed or due at the point of sale."

After having announced this conclusion at the hearing, Plaintiff stipulated, without waiving its right to challenge on appeal the Court's construction of the claims at issue, that it would be unable to prove that any Defendant infringed the patents at issue.[2] In light of that stipulation, it is ordered and adjudged that the Clerk is directed to enter judgment for Defendants and against Plaintiff and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 22, 2008.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] The Court reiterates what it announced during the course of the hearing: it was not engaging in an infringement analysis.